UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Andre K. Randall,<br><br>　　　　Petitioner-Appellant,<br>　　v.<br><br>John Ashcroft, Attorney General,<br>Harley G. Lappin, Director, Bureau of Prisons,<br>and W.I. LeBlanc, Warden, FMC-Rochester,<br><br>　　　　Respondents-Appellees. | Civil No. 04-3706 (RHK/AJB)<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 38.) Petitioner is attempting to appeal the Court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. (See Order dated April 19, 2005; [Docket No. 34].)

　　　　A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks

an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he has no regular income and no significant assets. Based on the representations made in the IFP application, the Court finds that Petitioner is financially eligible for IFP status.

Although Petitioner does not appear to have any potentially meritorious grounds for appeal, the Court does not find his appeal to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is deemed to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 38), is GRANTED.

Dated: June 16 , 2005

               s/Richard H. Kyle
               RICHARD H. KYLE
               United States District Court Judge